**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4784**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL LARELL ANDERSON,

Defendant - Appellant.

———————

**No. 06-4793**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK RAY SIMPSON,

Defendant - Appellant.

———————

Appeals from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (0:04-cr-00353-CMC)

———————

Submitted:  February 4, 2008     Decided:  February 22, 2008

———————

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

William N. Nettles, SANDERS AND NETTLES, Columbia, South Carolina; Parks N. Small, Federal Public Defender, Columbia, South Carolina; W. James Payne, POWELL & PAYNE, Shallotte, North Carolina, for Appellants. Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Larell Anderson pleaded guilty to drug conspiracy and a charge of crack cocaine distribution, in violation of 21 U.S.C. §§ 846, 841, and was sentenced to 300 months' imprisonment. Patrick Ray Simpson pleaded guilty to using or carrying a firearm in relation to a drug trafficking offense and committing murder in the course of the drug trafficking offense, in violation of 18 U.S.C. §§ 924(j)(1), (2) and was sentenced to a term of 348 months. Anderson and Simpson were associates of a drug dealer, Kenneth Reid. On Reid's behalf and at his bidding, Simpson, abetted by Anderson, murdered an informant so that he would not be able to testify against Reid. Both Anderson and Simpson eventually cooperated with the Government and testified at Reid's trial. On appeal, counsel for Anderson and Simpson filed a joint Anders brief,[*] concluding there are no meritorious issues for review but raising the issue of whether their sentences are reasonable. After a thorough review of the record, we affirm.

The district court granted the Government's motions for downward departures with respect to both Anderson and Simpson based on their substantial assistance. Anderson, who had a guidelines range of 324 to 400 months, was granted a two-level departure and sentenced to 300 months. Simpson, who had a guidelines range of 360 months to life, was granted a three-level departure and

---

[*]Anders v. California, 386 U.S. 738 (1967).

sentenced to 348 months. Counsel asserts that the court should have departed further from the guidelines ranges. However, with respect to both Appellants, the district court appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the advisory guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). A sentence that falls within a properly calculated advisory guidelines range is presumed to be reasonable. Rita v. United States, 127 S. Ct. 2456, 2462 (2007). We review all sentences, including those outside the advisory guidelines range, for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 2007 WL 4292116, at *7, *13 (U.S. Dec. 10, 2007) (No. 06-7949).

Anderson's 300-month sentence and Simpson's 348-month sentence were below the advisory guidelines ranges and well below the statutory maximum sentences. The district court selected the sentences upon concluding that departures were warranted because the defendants did assist in the investigation and conviction of Reid and ultimately told the truth about the events. However, the court declined to further depart from the guidelines ranges in recognition of the seriousness of the offenses committed, and in Simpson's case, based on his relative culpability. Simpson and Anderson have failed to demonstrate their sentences are unreasonable.

We have considered the issue raised in the supplemental Anders brief submitted by Simpson's new counsel and conclude it is without merit. We have also considered the argument raised by Anderson in his pro se supplemental brief and conclude it is likewise unavailing.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm Anderson's and Simpson's convictions and sentences. This court requires that each counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED